# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT L. JOSEPH, II | ) |
|             Plaintiff, | ) Civil Action No. 21-25 |
| v. | ) District Judge Stickman |
| | ) Magistrate Judge Lenihan |
| PLANET FITNESS ASSET CO. LLC, | ) |
| Doing business as Planet Fitness | ) |
| | ) ECF No. 15 |
|             Defendant. | ) |

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION

For the reasons discussed below, it is respectfully recommended that the Motion to Dismiss filed by Defendant Planet Fitness Co. LLC (ECF No. 15) be granted.

II.    REPORT

A. Procedural Background and Relevant Factual Allegations

On January 8, 2021, Plaintiff Herbert L. Joseph, II filed his initial complaint. ECF. No. 4. On January 11, 2021, the court ordered Plaintiff to amend his complaint in compliance with the guidelines set forth by the court. ECF. No. 5. Plaintiff complied with the Court's Order and filed his Amended Complaint on February 11, 2021. ECF No. 6. On February 17, 2021, the Court issued a Report and Recommendation pursuant to 28 U.S.C. § 1915 (e) (2)(B)(ii) recommending that the Amended Complaint be dismissed without prejudice to filing a Second Amended Complaint for failure to state a claim. ECF No. 7. The District Judge adopted the Court's Report and Recommendation (ECF No. 9), and Plaintiff filed his Second Amended Complaint on April 14, 2021. ECF. No. 10. On July 6, 2021 Defendant Planet Fitness Asset Co. LLC ("Planet

Fitness") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) and thereafter, Plaintiff filed his Response.

On May 16, 2019 while Plaintiff was showering in Defendant's designated locker room, a Caucasian man, six feet, five inches tall stopped by Plaintiff's stall while Plaintiff was naked and showering and stated: "How long are you going to be in there." ECF. No. 10 ¶ 4. Plaintiff did not respond after the question was asked again. Upon receiving no response from Plaintiff, the other gym member replied: "Oh it's like that." *Id.* Plaintiff was intimidated by the other gym member due to his past experience of being raped twice during Plaintiff's childhood. *Id.* Plaintiff quickly dressed partially and "passionately recited the incident" to Defendant's front desk clerk who suggested that Plaintiff should leave the premises, at which point Plaintiff refused. *Id.* ¶¶ 4-5. "Plaintiff pleaded again for some understanding as to this intrusion upon his privacy rights." *Id.* ¶ 5. Following this interaction, as Plaintiff returned to the locker room to get changed, the front desk clerk indicated he was phoning the police. *Id.* Shortly thereafter, the police arrived and escorted Plaintiff off the property. *Id.* ¶ 6.

Plaintiff alleges that his rights have been violated under § 1981 of the Civil Rights Act of 1866, because Plaintiff is of African American descent, and his named assailant is Caucasian. *Id.* ¶ 7 ("Plaintiff is a Negro with Indian lineage"). Plaintiff states that Defendant discriminated against him based upon his race when Defendant's front desk clerk called the police after Plaintiff refused to leave the premises. *Id.* ¶¶ 5-8. Plaintiff requests an award of $1,000,000,000 in damages in total. That sum represents $568,000,000 in punitive damages and $432,000,000 in compensatory damages. Original Complaint, ECF. No. 4 ¶ 5.

B. Legal Standards

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. *Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *Golden v. Cook,* 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and publicly available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

When considering pro se pleadings, a court must employ less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). When presented with a pro se complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, pro se litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

C. Analysis

42 U.S.C. § 1981 provides as follows:

> 1981. Equal rights under the law
>
> (a)     Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of

4

> contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment
>
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981. A claim under § 1981 is restricted by its language to discrimination based on race or color. *Springer v. Seaman*, 821 F.2d 871 (1st Cir. 1987) (racial animus is necessary element of claim under § 1981). Accordingly, to state a claim under 42 U.S.C. § 1981, a plaintiff is required to plead facts demonstrating that the plaintiff is a member of a racial minority, that there was intent to discriminate on the basis of race by the defendant, and that discrimination concerned one or more of the activities enumerated in the statute. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993); *Imagineering, Inc. v. Kiewit Pac. Co*, 976 F.2d 1303, 1313 (9th Cir. 1992) (under section 1981, plaintiff must allege facts that would support an inference that defendant intentionally and purposefully discriminated against him); *Hood v. New Jersey Dep't of Civil Serv.*, 680 F.2d 955, 959 (3d Cir. 1982).

Here, Plaintiff's factual allegations reflect no racial animus on the part of Defendant. In fact, no other persons described in the Second Amended Complaint made any reference to, or suggestion of, Plaintiff's race other than Plaintiff himself. Instead, Plaintiff's allegations reflect that he was asked to leave the Planet Fitness facility more than once because of the disruption to other patrons of the facility, not because of upon his race. In fact, Plaintiff would not leave Planet Fitness until police arrived and escorted him off the premises.[1] ECF No. 10-2.

---

[1] As noted in the body of § 1981, other patrons who had a contract with Planet Fitness also had the right to enjoy the benefits of their contracts with Planet Fitness. *See* 42 U.S.C. § 1981 (a) & (b) ("All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . ." . . . Make and enforce contracts includes the performance . . . "and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.").

In addition, Plaintiff's contract with Planet Fitness[2] provides as follows:

> I agree to comply with Planet Fitness' membership policies and club rules that may be communicated to me from time to time, whether in writing, electronically, through club signage or verbally. Planet Fitness may, in its sole discretion, modify any policy or club rule at any time and from time to time without advance notice. *Planet Fitness reserves the right, in its sole discretion, to refund the pro-rated cost of unused services and terminate my membership immediately for violation of any membership policy or club rule.*

ECF No. 16-1 at 2 (emphasis added). Paragraph 3 of the Agreement further provides:

> Your membership permits you to use Planet Fitness' premises, facilities, equipment and services and your dues are in exchange for such access whether you use the facilities or not. *Your membership is subject to all current company policies, rules, terms, conditions and limitations* including, but not limited to, PF Black Card® benefit rules, transferability rules, guest privilege rules, and dress code. Your membership gives you no rights in Planet Fitness, PF Corporate, its management, ownership, property or operation.

ECF No. 16-1 at 3 (emphasis added).

At the making of his contract with Planet Fitness, Plaintiff agreed to these terms and conditions of use, and was not granted the unlimited privilege to maintain his membership regardless of his own behavior inside the facility. Moreover, he cannot relinquish the responsibility for his own behavior and blame the consequences of that behavior on his race. Pursuant to *Twombly* and its progeny, Plaintiff's allegations that his membership was terminated because of his race are simply implausible. *See Twombly*, 550 U.S. at 555 (facts alleged must permit court to draw reasonable inference that defendant is liable for alleged misconduct).

---

[2] Defendant attaches the "Membership Agreement" to its responsive brief. The Court may consider the details of the contract because Plaintiff has placed the cancellation of this contract (on the basis of his race) in issue. *See In re Rockefeller Ctr. Props., Inc Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (On a motion to dismiss, a district court may consider documents "*integral to or explicitly relied upon* in the complaint[,]" without converting it into a motion for summary judgment.) (internal quotations omitted).

Finally, the Court is cognizant of its obligation to permit a civil rights plaintiff to amend the complaint before dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile). Allowing Plaintiff the opportunity to further amend his Second Amended Complaint would be futile. A careful review of the record commands that Plaintiff, even garnering all the liberalities that accompany his pro se status, fails to state a claim under § 1981 for which relief may be granted.

III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that the Motion to Dismiss filed by Defendant Planet Fitness Co. LLC (ECF No. 15) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 4, 2021

BY THE COURT

LISA PUPO LENIHAN  
United States Magistrate Judge

Herbert L. Joseph, II  
432 Parkwood Road  
Pittsburgh, PA 15210